IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEROME JULIUS BROWN, SR. * | |
| Plaintiff, | |
| v. * | CIVIL ACTION NO. ELH-14-1860 |
| HEADQUARTERS CHARLES COUNTY * | |
| SHERIFF REX COFFEY | |
| AUTO THEFT DETECTIVE JOHN * | |
| CAMPBELL #526 | |
| Defendants. * | |

*****

## MEMORANDUM

On June 10, 2014, Jerome Julius Brown, a frequent self-represented litigator in this court who is now detained at the Spring Grove Hospital Center ("Spring Grove") in Catonsville, Maryland, filed a civil rights action using a 42 U.S.C. § 1983 complaint form.[1]  He sued the Sheriff of Charles County, Maryland and a detective, who were apparently involved in a criminal charge filed against plaintiff in the District Court for Charles County, Maryland involving the failure to return a rental vehicle.  *See State v. Brown*, Criminal No. 6P00069971 (District Court for Charles County).[2]  Because Brown appears indigent, his motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted.

Brown's complaint contains incomprehensible, run-on statements, and I am unable to fashion a cognizable federal claim.  Attached to the complaint are copies of an alleged negotiable instrument

---

[1] Brown has filed over 100 cases with the court and is subject to pre-filing restrictions under *In re: Jerome J. Brown*, Misc. No. 04-465 (D. Md.).

[2] According to the state court docket, Brown's criminal case was deemed inactive due to a finding of incompetency and he was transported to Spring Grove.  He is currently scheduled for an annual competency review hearing on September 14, 2014.

and statement of probable cause. ECF No. 1 at Attachments. Brown asks that a federal investigation be conducted into "property seized," and he appears to claim that a bench warrant issued by Charles County authorities was "unexecuted." ECF No. 1 at p. 2, § IV. His complaint shall be dismissed, without prejudice.

The complaints of self-represented litigants are "held to less stringent standards" than those drafted by attorneys; indeed, such complaints are "'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). *See Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). But, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Federal courts are not required to conjure up questions never squarely presented to them. *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985).

To set forth a claim for relief, a pleading shall contain "a short and plain statement" of the grounds upon which the "pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Although a complaint need not contain detailed factual allegations, the facts alleged must be enough to raise a right to relief above the speculative level, and it requires "more than labels and conclusions," as "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see id.* at 569 n.14. ("On certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires."); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

This court has unsuccessfully attempted to determine the nature of the claims, despite a generous construction of the pleading. Given the materials presented before this court and Brown's litigation history, his complaint shall be summarily dismissed without requiring amendment/supplementation or the issuance of summons.

A separate Order follows, dismissing this case without prejudice.


Date: June 27, 2014                                  /s/
                                           Ellen Lipton Hollander
                                           United States District Judge